**Robert R. DERRY, Jr., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 1996.
Decided Feb. 28, 1997.
Publication Ordered April 25, 1997.

Alex E. Echard, Mount Pleasant, for petitioner.

Judith M. Gilroy, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Robert R. Derry, Jr. (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board), denying Claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law) (willful misconduct).[1]

Claimant was employed by the YMCA Youth Center (Employer) as a full time child care worker from April 1993 until his last day of work on December 31, 1995. Findings of Fact, No. 1; N.T., p. 8. On January 2, 1996, Karen Shanahan, Director of Emergency Youth Shelter (Director), received an anonymous letter alleging that Claimant was involved in illegal drug activity. Concerned about these allegations, Director contacted the local court system.[2]

On January 3, 1996, Employer confronted Claimant with the allegation of pending criminal charges. Findings of Fact, No. 4. Claimant denied the allegations.[3] Findings of Fact, No. 5. Director verbally discharged Claimant for "willful misconduct." Findings of Fact, No. 7; N.T., p. 16.

On January 9, 1996, Claimant applied for benefits, and Employer contested. The Cen-

tral Westmoreland Job Center (Job Center) denied benefits, concluding that Claimant "was discharged from this employment for reasons which are considered willful misconduct in connection with his or her work." (Notice of Determination, Certified Record Item No. 4.) Claimant appealed this determination and a hearing was held.

At the hearing, Director established that Claimant was aware of the following drug and alcohol abuse policy:

> Off-the-job illegal drug activity or alcohol abuse which could have an adverse effect on the employee's job performance or which could jeopardize the safety of other employees, the public, or the YMCA's relation with the public will not be tolerated and will result in disciplinary action.

February 28, 1996 Hearing, Exhibit 7–G; Findings of Fact, No. 2. Director further testified that Claimant's duties included:

> [The] general care of all the adolescents on the floor ... and anywhere else needed in the facility which means medication administration, health needs, health direction, ... and generally being a positive role model and guiding them towards a better way of life for the individuals who have been in a dysfunctional environment that they were in to cause them to be in the shelter.

N.T., p. 10. When Director was specifically questioned why she deemed Claimant's behavior to be "willful misconduct," she replied:

> From off-duty activity and what I believe I learned through what Mr. Derry had been involved with or allegedly was involved with is a gross negligence on a positive role model. Every employee must be a positive role model for the individuals at the Youth Shelter. We're dealing with young kids who look up to us and we're trying to show them a better way. We're

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Director discovered that Claimant was arrested for a "crack cocaine incident" in January 1995. February 28, 1996 Hearing, N.T., p. 14. Employer submitted docket entry sheets to establish the nine pending charges against Claimant for

this incident. Certified Record Item No. 3; and N.T., pp. 4, 6.

3. Director testified before the referee that Claimant "swore that it was not him, that somebody else was using his Social Security number, that it must have been somebody else." *Id.* at 15.

trying to show them as being a better person, a better way of living.

N.T., pp. 16–17. Finally, Employer proffered Claimant's January 29, 1996 plea for "Probation without verdict" relating to the crack cocaine incident in January 1995.[4]

The referee determined that Employer had failed to satisfy its burden under Section 402(e) of the Law, because no violation of Employer's rule had been established. Specifically, the referee stated that there was "no competent evidence presented by the employer that the claimant was actually involved in the charges that lead to the claimant's arrest." Referee's Decision, p. 2. The referee further determined that evidence gathered after Claimant's discharge could not be used to establish his involvement in illegal drug activity. Accordingly, the referee reversed the Job Center and awarded benefits. Employer appealed.

On appeal, the Board found that:

On January 29, 1996, the claimant was placed on probation without verdict on two of the charges against him. Probation without verdict is given after the defendant has entered a guilty plea. The defendant is then given an opportunity to expunge his record.

Findings of Fact, No. 9. Based upon this finding, the Board reasoned that:

The employer has proven the existence of its rule and that the claimant was aware of the rule. In order to receive probation without verdict, the claimant was required to admit to two drug offenses in a court of law. This constitutes an admission that he was guilty of the behavior which lead to his discharge and is sufficient proof of willful misconduct.

Board's Decision, p. 2. Thus, the Board reversed the referee's decision and denied benefits under Section 402(e) of the Law. Claimant petitions for our review.[5]

On appeal, Claimant contends that the Board's denial of benefits pursuant to Section 402(e) of the Law was error. Claimant contends that Employer was required to show that Claimant's conduct leading to arrest was inconsistent with acceptable standards of behavior *and* directly reflected upon his ability to perform assigned duties. *Unemployment Compensation Board of Review v. Derk*, 24 Pa.Cmwlth. 54, 353 A.2d 915 (1976). The gravamen of Claimant's appeal is that the Board erred in denying benefits, because it improperly relied upon Claimant's inadmissible post-discharge plea.

Conversely, the Board contends that Claimant's admission of illegal drug use established a violation of Employer's policy. Because this policy is sufficiently connected with Claimant's work, the Board argues that Claimant can be disqualified from receiving benefits pursuant to either Section 402(e) or Section 3 of the Law.[6]

---

4. Section 117 of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–117, in pertinent part, provides:

Except as provided in clause (1) of this subsection, the court may place a person on probation without verdict if the person pleads nolo contendere or guilty to any nonviolent offense under this act and the person proves he is drug dependent. For the purposes of proving drug dependency, the person must present the testimony of a physician or psychologist trained in the field of drug abuse....

....

(3) *Upon fulfillment of the terms and conditions of probation, the Court shall discharge such person and dismiss the proceedings against him.* Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent convictions.

5. Our scope of review in an unemployment compensation appeal is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the Board's necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Section 3 of the Law, entitled "Declaration of public policy" essentially provides security against unemployment "for the benefit of persons unemployed through no fault of their own." 43 P.S. § 752. This policy provision provided the legal foundation for the two-part test enunciated in *Derk* and subsequently adopted by the Supreme Court in *Gillins v. Unemployment Compensation Board of Review*, 534 Pa. 590, 633 A.2d 1150 (1993).

The Board denied Claimant's application for benefits pursuant Section 402(e) of the Law, which provides that an employee "shall be ineligible for compensation for any week ... in which his unemployment is due to his discharge ... for willful misconduct *connected with his work ....*" 43 P.S. § 802(e)(emphasis added). Whether the claimant's actions rose to the level of willful misconduct is a question of law fully reviewable by this Court. *Girard Giant Eagle v. Unemployment Compensation Board of Review,* 659 A.2d 60 (Pa.Cmwlth.1995).

This Court has defined willful misconduct as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of a standard of behavior which the employer has the right to expect, or negligence rising to the level of an intentional disregard of the employer's interest. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Cmwlth. 90, 309 A.2d 165 (1973). Where a violation of a work rule is at issue, the employer bears the burden of establishing both the existence of the reasonable work rule and its violation. *Williams v. Unemployment Compensation Board of Review,* 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991). In determining whether or not a rule is reasonable, the Court must consider whether application of the rule or policy under the circumstances is fair and just and appropriate to accomplish a legitimate interest of the employer. *Webb v. Unemployment Compensation Board of Review,* 670 A.2d 1212 (Pa.Cmwlth.1996).

In the instant case, there is no dispute that Employer met its burden of establishing a policy prohibiting off-duty illegal drug activity and that Claimant was aware of this rule. Furthermore, the record is clear that Employer's rule serves to establish a standard of conduct which Employer has a right to expect from child care employees, who are supposed to serve as role models. Employer's policy also serves to protect its interest in maintaining the confidence of both the community at large, and the judicial system who appoints these "abused, neglected, incorrigible, runaways, truants from school, ..." for interim care at the youth shelter. N.T., p. 9.

Because Claimant has admitted using drugs during his term of employment, we hold that such conduct was inimical to Employer's interest, a deliberate violation of Employer's drug policy, in total disregard of the role model standard which Claimant understood he was to uphold, and accordingly, we affirm the denial of benefits pursuant to Section 402(e) of the Law.

While Claimant urges this Court to ignore his post-discharge admissions as proof that he (1) willfully disregarded Employer's interest, (2) deliberately violated Employer policy, and (3) disregarded the standard of behavior that was expected of him, he offers no binding authority to support this contention.

In fact, both Claimant and the Board erroneously focus on whether Claimant's plea constitutes a conviction, when "no proof of criminal conviction is necessary." *Derk* at 917. In the instant matter, the relevance of Claimant's plea is the binding admission that he was drug dependent during the term of employment. This admission alone substantiates the violation of Employer's legitimate and reasonable policy, the basis for dismissal, irrespective of the outcome of Claimant's term of probation.

Furthermore, while Claimant contends that his post-discharge plea cannot logically constitute competent evidence to support his discharge, "the issue is not whether employer had the right to discharge for the questioned conduct, but rather whether the State is justified in reinforcing that decision by denying benefits under this Act for the complained of conduct." *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 86, 351 A.2d 631, 634 (1976).

In this case, the complained of conduct or reason for discharge was illegal drug activity. At the time of discharge, Claimant was still actively denying his drug use and dependence from Employer. However, by the time of the referee's hearing Claimant had admitted not only that he had been engaged in drug activity, but that he was drug dependent during his term of employment. Thus,

Claimant admitted violating Employer's policy and concealing this fact.

Finally, Employer has established that Claimant's drug dependence was inconsistent with published standards of behavior *and* directly reflected upon his character and ability to perform as a role model for the children at the shelter. Accordingly, Claimant's reliance upon *Derk* to argue that he is unemployed through no fault of his own is too without merit. For all of the foregoing reasons we affirm.

### ORDER

AND NOW, this 28th day of February, 1997, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.