# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan E. Siegfried,                              :
                         Petitioner              :
                                                 :   No. 1632 C.D. 2013
           v.                                    :
                                                 :   Submitted:  March 7, 2014
Unemployment Compensation                        :
Board of Review,                                 :
                         Respondent              :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  August 13, 2014


          Susan E. Siegfried (Claimant) petitions for review of the August 28,
2013 order of the Unemployment Compensation Board of Review (Board), which
affirmed a referee's determination that Claimant is ineligible for benefits pursuant to
section 402(e) of the Unemployment Compensation Law (Law).[1]

          Claimant worked as a full-time patrol officer with the Palmer Township
Police Department (Employer) from 1992 to November 23, 2012.  While off-duty on
November 24, 2012, Claimant was in a motor vehicle accident, driving her vehicle
into a tree.  Claimant was transported to a hospital and a blood test revealed that her

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).  Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with her work.  43 P.S. §802(e).

blood alcohol level (BAC) was .32%. Claimant was charged with several misdemeanors, including driving under the influence (DUI), and she entered into the Accelerated Rehabilitative Disposition (ARD) program, which permits expungement of her criminal record upon successful completion of the program.[2] As a result of the charges, Claimant's driver's license was suspended for sixty days. (Findings of Fact Nos. 1-2, 4-7.)

Sergeant Michael Vangelo investigated the incident and subsequently authored an investigative report concluding that Claimant violated multiple Employer Regulations as well as what is commonly known as the Police Tenure Act.[3] (Record Item #8, Ex. 3.) On March 25, 2013, Christopher Christman, Manager of Palmer Township, issued Claimant a termination letter. In this letter, Manager Christman stated that Claimant's conduct on November 24, 2012, including her arrest for DUI, violated Employer's Regulations Nos. 83, 85, and 106,[4] and section 2 of the Police Tenure Act, 53 P.S. §812.[5] (Record Item #8, Ex. 7.)

---

[2] *See* Pa.R.Crim.P. 320 (Expungement Upon Successful Completion of ARD Program).

[3] Act of June 15, 1951, P.L. 586, No. 144, *as amended*, 53 P.S. §§811—816.

[4] In their entirety, these Regulations state:

> 83. [Employer] will not interfere in the officers [sic] personal lives. However, if his actions would bring disgrace to the department, disciplinary action may be taken against him. An officers [sic] morals and character should be beyond reproach at all times, on or off duty.
>
> \*   \*   \*
>
> 85. No officer will indulge in intoxicants while on duty, or at any time the uniform or part of the uniform is worn. No member of the department will visit a barroom while in uniform except in the line of duty. No officer will consume alcoholic beverages four hours prior

**(Footnote continued on next page…)**

2

to, or report for duty while intoxicated or have an odor of alcoholic beverage on his breath. Members of the department who may be assigned to duty in civilian clothes will refrain from drinking alcoholic beverages except in cases of absolute necessity in collecting evidence or information and in no case will he drink enough to become intoxicated. If at any time an officer drinks alcohol beverages to excess and causes embarrassment or brings disgrace or criticism on the department, whether on duty or off, disciplinary action may be taken.

\* \* \*

106. No officer shall fail to possess and maintain a current and valid Pennsylvania drivers [sic] license. Officers who[se] license is [sic] suspended may be subject to suspension without pay for the specified time or dismissal.

(Record Item #8, Ex. 4.)

At the end of the Regulations is a disciplinary matrix that lists the discipline for a first offense violation of Regulation 85 as a reprimand to thirty-day suspension, and for a first offense violation of Regulation 106 as a thirty to ninety day suspension. *Id.* Regulation 83 is not cataloged within the matrix, which states that those Regulations "not listed are informational or contain disciplinary directives." *Id.*

[5] Section 2 of the Police Tenure Act provides for the termination of certain, full-time police officers and states as follows:

No person employed as a regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct

**(Footnote continued on next page…)**

3

Following her termination, Claimant applied for unemployment compensation benefits. On April 22, 2013, the local service center determined that Claimant was ineligible for benefits under section 402(e) of the Law. Claimant appealed, and the referee convened a hearing.

After receiving evidence, and by decision and order dated June 14, 2013, the referee found that Claimant's job was subject to the Police Tenure Act, which states that an officer may be terminated from employment when the officer violates any law constituting a misdemeanor or felony or engages in conduct unbecoming an officer. The referee further found that on November 24, 2012, Claimant was in a motor vehicle accident when her vehicle collided with a tree; Claimant's BAC was .32%; Claimant was charged with several misdemeanors, including DUI; Claimant's driver's license was suspended for sixty days as a result of the charges; and Claimant entered into the ARD program and will have the DUI charges expunged from her record when she successfully completes that program. (Findings of Fact Nos. 2, 4-7, 9.)

The referee noted that "the above findings represent the competent evidence and credibility determinations" that she made as part of her decision. (Referee's decision at 2.) Based on these findings, the referee concluded that

---

**(continued…)**

> unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed.

53 P.S. §812.

Claimant engaged in willful misconduct under section 402(e) of the Law, thus rendering her ineligible for benefits. Specifically, the referee determined that Claimant's conduct violated Employer's work rules, Regulation 106 and the Police Tenure Act.[6]

Thereafter, Claimant appealed to the Board. On August 28, 2013, the Board affirmed, adopting and incorporating the referee's findings and conclusions.[7] (Board's decision at 1.)

On appeal to this Court,[8] Claimant asserts that the Board erred in relying on the Police Tenure Act to conclude that she engaged in willful misconduct. Claimant notes that her DUI arrest and charge may be expunged upon successful completion of the ARD program and contends that her actions do not violate the Police Tenure Act. Claimant also argues that the evidence failed to establish a connection between her off-duty misconduct and her job performance.

Section 402(e) of the Law provides that an employee is ineligible for benefits where the employee is discharged "for willful misconduct connected with [her] work." 43 P.S. §802(e). Although the Law does not define the term "willful misconduct," our courts have construed it as including: (1) the wanton or willful

---

[6] The referee did not rule on Claimant's purported violations of Regulations 83 and 85 or determine whether such violations could serve as an independent basis upon which to conclude that Claimant engaged in willful misconduct.

[7] In unemployment cases, the Board is the ultimate fact-finder, empowered to make all determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1382, 1385 (Pa. 1985).

[8] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704.

disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) the disregard of standards of behavior which an employer can rightfully expect from its employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999).[9]

This Court has applied section 402(e) of the Law "to off-premises conduct to hold that claimants were ineligible for benefits." *Maskerines v. Unemployment Compensation Board of Review*, 13 A.3d 553, 557 & n.8 (Pa. Cmwlth. 2011) (collecting cases). "Where an employer seeks to deny a discharged employee unemployment compensation benefits for a work rule violation pursuant to [s]ection 402(e), the employer must prove only that the work rule existed and that the employee violated it." *Id.* at 557. If an employer meets this burden, the employer is not required to demonstrate that the employee's off-duty conduct extended to her job performance. *Id.*

Section 2 of the Police Tenure Act vests a full-time police officer of any township of the second class, or any township or borough of the first class having a police force of less than three members, with a due process right to continued employment. 53 P.S. §812; *see* section 1 of the Police Tenure Act, 53 P.S. §811; *see generally George v. Moore*, 147 A.2d 148 (Pa. 1959); *Pavonarius v. City of Allentown*, 629 A.2d 204 (Pa. Cmwlth. 1993). Correspondingly, section 2 of the Police Tenure Act sets forth the only circumstances under which a full-time police

---

[9] The burden of proving willful misconduct rests with the employer. *Guthrie*, 738 A.2d at 521. Whether an employee's conduct constitutes willful misconduct is a question of law subject to this Court's review. *Id.*

officer of a township such as Palmer Township may be removed from office. *Upper Makefield Township v. Pennsylvania Labor Relations Board*, 753 A.2d 803, 807 (Pa. 2000). As a matter of law, the Police Tenure Act is incorporated into Claimant's employment contract with Employer and supplies implied terms and bases for termination apart from those detailed in the Regulations. *See DePaul v. Kauffman*, 272 A.2d 500, 506 (Pa. 1971) ("[T]he laws in force when a contract is entered into become part of the obligation of contract with the same effect as if expressly incorporated in its terms."). *Cf. Tegzes v. Bristol Township*, 472 A.2d 1386, 1388-89 (Pa. 1984). Accordingly, section 2 of the Police Tenure Act constitutes a work rule of Employer.

Here, Claimant was arrested and charged with DUI, her BAC was .32%, and she entered into an ARD program. Claimant's conduct in committing a DUI contravened section 2 of the Police Tenure Act, which, among other things, permits dismissal of a police officer where the officer "violates" any law that is graded as a misdemeanor. 53 P.S. §812. Although Claimant relies on the fact that her arrest and charge for DUI may be expunged upon successful completion of the ARD program, in *Davis v. Civil Service Commission of the City of Philadelphia*, 820 A.2d 874, 877-78 (Pa. Cmwlth. 2003), this Court concluded that an ARD is irrelevant to employee discipline because the conduct that resulted in the dismissal, as opposed to the outcome of the criminal charges, is what determines whether there is just cause for the dismissal. *Id.* Additionally, under Pennsylvania law, the "statutory requirements for participation in ARD imply that a defendant who accepts ARD has indeed committed a DUI offense, *i.e.*, has violated [s]ection 3802 [of the Vehicle Code]."

7

*Whalen v. Department of Transportation, Bureau of Driver Licensing*, 32 A.3d 677, 684-85 (Pa. 2011).[10]

For these reasons, we must conclude that the Board properly determined that Claimant violated Employer's work rule, section 2 of the Police Tenure Act, when she committed an off-duty DUI. Consequently, Employer need not demonstrate that Claimant's off-duty misconduct extended to her performance on the job. *Maskerines*, 13 A.3d at 557 (holding that, because the claimant was discharged for a work rule violation under section 402(e) of the Law, the employer was not required to show that the claimant's possession of marijuana off-premises directly affected his job performance); *see Derry v. Unemployment Compensation Board of Review*, 693 A.2d 622, 624-25 (Pa. Cmwlth. 1997) (holding that the claimant's off-duty conduct violated the employer's reasonable work rule and rendered him ineligible for benefits under section 402(e) of the Law).[11]

Claimant also asserts that the evidence establishes that Employer did not discharge her for DUI, but, instead, terminated her employment on the basis of gender and disability discrimination. While Claimant adduced some evidence to this

---

[10] Further, an ARD is statutorily defined as a "prior offense" for purposes of the ignition interlock statute, *Whalen*, 32 A.3d at 685, and as a "conviction" for sentencing purposes on subsequent DUIs. *Commonwealth v. Pleger*, 934 A.2d 715, 719 (Pa. Super. 2007).

[11] Claimant further asserts that Employer violated its own progressive disciplinary policy under the Regulations. However, as previously noted, the Police Tenure Act is incorporated into Claimant's employment contract with Employer and supplies implied terms and bases for termination in addition to those detailed in the Regulations. "[A] claimant who has been discharged for multiple reasons is disqualified from receiving benefits even if only one of those reasons amounts to willful misconduct." *Glenn v. Unemployment Compensation Board of Review*, 928 A.2d 1169, 1172 (Pa. Cmwlth. 2007). Having concluded that the evidence supports the Board's determination that Claimant's conduct amounted to willful misconduct under the Police Tenure Act, this Court need not consider whether Employer properly terminated Claimant per its Regulations. *See id.*

8

effect, the Board did not base its findings on that evidence. In unemployment cases, the Board is the ultimate fact-finder, empowered to make all determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1382, 1383 (Pa. 1985). "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Industries, Inc., v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Here, it was within the exclusive province of the Board, as fact-finder, to reject Claimant's testimony regarding alleged discrimination in favor of finding that Employer discharged her for willful misconduct. Because Claimant's assertions in this regard essentially challenge the Board's credibility and weight determinations, and substantial evidence supports the Board's necessary findings, Claimant's arguments necessarily fail. *Peak*, 501 A.2d at 1383.[12]

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[12] Finally, Claimant contends that she made an unintentional mistake and that the evidence does not support a finding that her conduct was intentional or deliberate. While mere negligence is insufficient to prove willful misconduct, *Navickas v. Unemployment Compensation Review Board*, 787 A.2d 284, 289-90 (Pa. 2001), Claimant does not argue that she became intoxicated involuntarily, and this Court has previously held "that an employee must bear the responsibility for the consequences of his drinking." *Morrell v. Unemployment Compensation Board of Review*, 485 A.2d 1214, 1216 (Pa. Cmwlth. 1984). *Accord Jamison v. Unemployment Compensation Board of Review*, 602 A.2d 420, 422 (Pa. Cmwlth. 1992).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan E. Siegfried,                  :
        Petitioner         :
                                  : No. 1632 C.D. 2013
        v.                         :
                                   :
Unemployment Compensation            :
Board of Review,                     :
        Respondent         :

## *ORDER*

    AND NOW, this 13th day of August, 2014, the August 28, 2013 order of the Unemployment Compensation Board of Review is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge