**CONEMAUGH MEMORIAL MEDICAL CENTER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 5, 2002.

Decided Jan. 15, 2003.

Ronald P. Carnevali, Jr., Johnstown, for petitioner.

No appearance entered on behalf of respondent.

Before PELLEGRINI, J., LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Conemaugh Memorial Medical Center (Employer) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board), which granted Robert C. Fuge (Claimant) unemployment compensation benefits. In doing so, the Board affirmed the decision of the Unemployment Compensation Referee (Referee). Employer asserts that Claimant is ineligible under Section 402(e) of the Unemployment Compensation Law[1] because, while on the job, he used his computer for non-work related activities, including, *inter alia*, visiting pornographic websites. The Board found that Employer did not meet its burden of proving this claim, and we affirm the Board.

Claimant was employed as a chief technologist in Employer's department of radiology. Employer maintained a written policy regarding the internet use of its computers by employees. Reproduced Record 16a (R.R. ——). The policy focused upon protecting Employer's system from viruses and hackers and complying with federal copyright laws. It recited that internet access was to be limited to official business.

In 1999, Claimant received an oral reprimand for "wrongful" use of the internet and was counseled on Employer's internet policy. His internet privileges were revoked, but subsequently they were restored, inadvertently, during a computer network upgrade. In January of 2001, Employer investigated Claimant's internet use and found that Claimant used the internet to visit pornographic and other unauthorized websites. Again, Employer revoked Claimant's computer internet privileges and counseled him on Employer's policy.

In June of 2001, Employer discovered pornographic images on one of the computers in the mammography department. Employer suspected that Claimant had used the computer in the mammography department for this purpose, and its investigation showed that Claimant's vehicle had been clocked into the parking garage during the time the pornographic websites were visited. Claimant was suspended pending completion of the investigation. Claimant denied any involvement with the untoward incident in the mammography department, had no memory of the day in question and suggested that his wife, who

---

**1.** Section 402(e) of the Unemployment Compensation Law provides in pertinent part,

An employe shall be ineligible for compensation for any week—

\* \* \*

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work....

Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

was also employed by Employer, may have been the one to park his car in the garage on the day and time in question. Claimant was discharged.

Claimant applied for, but was denied, unemployment compensation benefits. He appealed, and a hearing was held before an Unemployment Compensation Referee (Referee).

Employer's case was based upon a report generated by WebSense, a product that can track internet activity at a particular personal computer. WebSense showed both the types of websites visited and the number of visits made from Claimant's personal computer. It demonstrated excessive personal use on Claimant's computer during October and November of 2000, and for one week in July of 2001, when Claimant's supervisor was on vacation. After Employer's Information Technology Supervisor adjusted the WebSense report to remove the internet hits attributable to legitimate business use and for music listening,[2] personal, leisure and personal business surfing totaled over 1450 hits per day on Claimant's computer. By comparison, the webmaster at the hospital on a typical day had 440 hits. R.R. 70a.

On cross-examination, however, Employer's witness confirmed that WebSense could only identify the use of a specific computer and not its user. R.R. 74a. Employer established that the computer in question was dedicated solely to Claimant's use. However, employees are not required to log onto the internet in order to access it; thus, it is impossible to know the identity of the individual who uses the computer to go online. The referee specifically asked,

Q: So, in answering my question, then, could any number of people use the same computer to access the net? That same computer?

A: It is possible.

R.R. 78a. Similarly, Employer could not produce corroborating evidence that Claimant was the individual who used the personal computer in the mammography department to produce pornographic images.

An employer has the burden of establishing a claimant's ineligibility for unemployment benefits on the basis of willful misconduct. *Gillins v. Unemployment Compensation Board of Review*, 534 Pa. 590, 633 A.2d 1150 (1993). Whether an employee's action constitutes willful misconduct is a question of law subject to judicial review. *Rossi v. Unemployment Compensation Board of Review*, 544 Pa. 261, 676 A.2d 194 (1996). Where, as here, the employer seeks to show willful misconduct for violation of the work rule, the employer must establish the existence of the rule and its violation. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991). If the employer proves the existence of the rule, its reasonableness, and its violation, the burden of proof shifts to the claimant to prove that he had good cause for his action. *Id.*

Here, the Board found that Employer failed to prove that it was Claimant who violated the work rule against using one of Employer's personal computers to access the internet for personal, and untoward, use. Employer based its discharge on the abuse of Claimant's computer during the week of his supervisor's vacation, but it could not produce a single witness to testify to a visual sighting of Claimant using the computer in a way that violated the work rule. Although a finding of fact

---

**2.** Claimant asserted that throughout the hospital, employees listened to music from the internet, which caused him to believe the practice was acceptable.

can be based on circumstantial evidence,[3] the Referee found the WebSense report inadequate to rebut Claimant's unequivocal testimony that he did not use his computer improperly. The Referee found that the report generated by WebSense did not foreclose abuse by another employee, and Claimant was found credible by the Board. Credibility of witnesses and the weight to assign evidence are matters within the exclusive province of the factfinder and may not be disturbed by the appellate court. *Wideman v. Unemployment Compensation Board of Review*, 95 Pa.Cmwlth. 218, 505 A.2d 364 (1986).

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 15th day of January, 2003, the order of the Unemployment Compensation Board of Review, dated January 18, 2002, in the above-captioned matter is hereby affirmed.

3. *See* 15 PENNSYLVANIA LAW ENCYCLOPEDIA, EVIDENCE, § 444 (1959).