# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon A. Repasy, : 
        Petitioner : 
         : 
        v. : No. 1585 C.D. 2014
         : Submitted: March 13, 2015
Unemployment Compensation : 
Board of Review, : 
        Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                        FILED:  August 14, 2015

Sharon A. Repasy (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for unemployment compensation benefits.  In doing so, the Board affirmed the Referee's decision that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) by reason of her willful misconduct.  Finding no error by the Board, we affirm.

Claimant was employed by Mona M. Shangold, M.D., P.C. (Employer) as a full-time receptionist from July 2009 to February 6, 2014, when

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).  In relevant part, Section 402(e) provides that an employee is ineligible for compensation when "h[er] unemployment is due to h[er] discharge or temporary suspension from work for willful misconduct connected with h[er] work . . . [.]" 43 P.S. §802(e).

she was discharged for insubordination. Claimant applied for unemployment compensation benefits, which were denied by the UC Service Center. Claimant appealed and the Referee conducted a hearing on April 8, 2014.

Employer and Claimant's supervisor, Dr. Shangold, testified that Claimant had been warned twice about her unprofessional conduct, verbal outbursts and insubordination. Dr. Shangold then testified about an incident that took place on February 4, 2014. According to Dr. Shangold, Claimant was seated at the front desk in the reception area when Dr. Shangold spoke to her about the importance of not touching her face because it is unhygienic. Claimant responded by shouting at Dr. Shangold in front of patients in the waiting area. After Dr. Shangold told Claimant to behave in a professional manner, Claimant took some of her personal belongings from her desk and left Employer's premises prior to the end of her shift.

Dr. Shangold testified that she called Claimant's cell phone shortly after the incident. Claimant answered and, after Dr. Shangold identified herself, the call was disconnected. Dr. Shangold made additional attempts to contact Claimant without success. Dr. Shangold believed Claimant had voluntarily quit her employment. Nevertheless, Claimant reported for work the next day. Because of scheduling demands that day, Dr. Shangold decided not to discuss the incident with Claimant until the following day. On February 6, 2014, Dr. Shangold discharged Claimant for insubordination.

Claimant testified, offering her version of the incident on February 4, 2014, which was a busy day in the office. Claimant testified that Dr. Shangold came out of her office and told Claimant to stop touching her face. According to Claimant, Dr. Shangold pointed her finger in Claimant's face and told Claimant to

"stop acting like a two year old." Notes of Testimony, April 8, 2014, at 15. Claimant testified that Dr. Shangold shouted at her in front of the patients and told Claimant to leave, which she did. Claimant denied receiving a phone call from Dr. Shangold. Claimant stated that another employee had called her and informed her that she needed to return to work the next day.

The Referee credited Dr. Shangold's testimony and found Claimant's testimony not credible. Accordingly, the Referee held that Claimant committed willful misconduct on February 4, 2014, and that she was ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e). Claimant appealed to the Board, which adopted the Referee's findings of fact and affirmed the denial of benefits under Section 402(e). The Board noted that Claimant had received two prior warnings regarding insubordinate behavior, and that leaving work without permission and hanging up on one's supervisor constitutes willful misconduct. Claimant now petitions for this Court's review.[2]

The gravamen of Claimant's appeal is that the Board's decision is not supported by substantial evidence.[3] Specifically, Claimant argues that she did not commit willful misconduct because she only touched her face, which did not pose a hygiene problem.

---

[2] In unemployment compensation appeals, this Court's standard of review is to determine whether the Board's adjudication is in violation of constitutional rights, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Yost v. Unemployment Compensation Board of Review*, 42 A.3d 1158, 1161 n. 2 (Pa. Cmwlth. 2012).

[3] Claimant purports to raise six questions in her brief. However, many of the issues are irrelevant to whether she committed disqualifying willful misconduct on February 4, 2014, or are inadequately developed; thus, we are unable to address them further. *See Jimoh v. Unemployment Compensation Board of Review*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006) (stating that issues raised in the petition for review but not in the brief are deemed waived). The thrust of Claimant's appeal is that the Referee improperly disregarded her version of events.

We begin with a review of the law on willful misconduct. Although "willful misconduct" is not defined in the Law, the courts have established that it means the following:

> (1) an act of wanton or willful disregard of the employer's interest;
>
> (2) a deliberate violation of the employer's rules;
>
> (3) a disregard of standards of behavior which the employer has a right to expect of an employee; and
>
> (4) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Altemus v. Unemployment Compensation Board of Review*, 681 A.2d 866, 869 (Pa. Cmwlth. 1996). It is the employer's burden to establish that a claimant's conduct constituted willful misconduct. *Conemaugh Memorial Medical Center v. Unemployment Compensation Board of Review*, 814 A.2d 1286, 1288 (Pa. Cmwlth. 2003). Once the employer establishes a *prima facie* case of willful misconduct, the burden shifts to the claimant to prove her actions did not constitute willful misconduct because she had good cause for her behavior. *Jordon v. Unemployment Compensation Board of Review*, 684 A.2d 1096, 1099 (Pa. Cmwlth. 1996). Good cause exists where the employee's action is "justifiable or reasonable under the circumstances." *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 634 (Pa. 1976).

The Board is the ultimate finder of fact, and is free to accept or reject the testimony of any witness in whole or in part. *Collier Stone Co. v. Unemployment Compensation Board of Review*, 876 A.2d 481, 483 (Pa. Cmwlth. 2005). Therefore, the Board's findings of fact, including those adopted from the

4

Referee, are conclusive on appeal if the record, taken as a whole, contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). "Substantial evidence" has been defined as "such relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153, 157 (Pa. Cmwlth. 1995). This Court must examine the testimony in the light most favorable to the prevailing party, "giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists." *Taylor*, 378 A.2d at 831.

Claimant argues that Employer wrongfully terminated her because she touched her face. Claimant contends that she never came into contact with contaminated objects and did not put her fingers in her mouth. Therefore, Claimant argues that Employer did not have a justification for terminating her based on hygiene problems. Additionally, Claimant notes that Dr. Shangold shouted at and insulted her on numerous occasions, and Claimant was vocal only in response to Dr. Shangold's shouting. The Board counters that it chose to credit Dr. Shangold's version of events and not Claimant's. The Board argues that Dr. Shangold's testimony establishes that Claimant engaged in willful misconduct.[4] We agree with the Board.

---

[4] The Board also argues that Claimant has waived any argument regarding the findings of fact because she failed to challenge any findings with specificity. We note that Claimant is acting *pro se* and that this Court construes *pro se* filings liberally. *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n. 6 (Pa. Cmwlth. 2010). By premising her arguments upon her version of events, Claimant essentially challenges the Referee's findings of fact, as adopted by the Board.

Claimant and Employer offered contradictory testimony regarding the incident on February 4, 2014, that culminated in Claimant's discharge. The Board chose to credit Employer's version over Claimant's. Dr. Shangold's credited testimony established that Claimant shouted at Dr. Shangold in front of patients and left work without permission prior to the end of her shift. Additionally, Claimant disconnected a phone call from Dr. Shangold and failed to respond to Dr. Shangold's subsequent attempts to reach her. The Board did not err in holding that Claimant's actions, which disrupted the orderly and efficient operation of Employer's professional office, constituted willful misconduct. Finally, we agree with the Board that Claimant's unhappiness at being disciplined did not constitute good cause for her conduct.

For these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon A. Repasy, :
    Petitioner :
         :
   v. : No. 1585 C.D. 2014
         :
Unemployment Compensation :
Board of Review, :
    Respondent :

# **O R D E R**

AND NOW, this 14th day of August, 2015, the order of the Unemployment Compensation Board of Review dated July 17, 2014, in the above-captioned matter is hereby AFFIRMED.

            _____
            MARY HANNAH LEAVITT, Judge