# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven A. Blaylock            :
              Petitioner     :
                            :
          v.            :    No. 2059 C.D. 2014
                            :    Submitted: May 8, 2015
Unemployment Compensation :
Board of Review,          :
              Respondent   :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                        FILED: August 21, 2015

Steven Blaylock (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review denying his claim for unemployment compensation benefits. In doing so, the Board affirmed the Referee's decision that Claimant's use of drugs, in violation of the law, rendered him ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law). Finding no error by the Board, we affirm.

Claimant was employed by Barclay Condominium (Employer) as a doorman from April 2005 to March 27, 2014. Claimant was responsible for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). In relevant part, Section 402(e) provides that an employee is ineligible for compensation when "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . [.]" 43 P.S. §802(e).

ensuring the security of Employer's tenants and had access to keys to all of the condominiums. Employer provides a copy of its employee handbook to all employees when they are hired and whenever there is a major revision to the handbook. The handbook expressly prohibits, *inter alia*,

> engaging in any unethical conduct; committing illegal conduct; [and] possessing, using, distributing or being under the influence of illegal drugs or alcohol at any time while conducting [Employer's] business or while on [Employer's] property.

Referee Decision/Order, May 15, 2014, at 1, Finding of Fact No. 2. Claimant signed a copy of the policy, indicating that he read and understood it.

On March 18, 2014, Employer received a report that a small bag wrapped in a dollar bill had been found in the employee locker room. It was suspected that the bag contained illegal drugs. At the time Employer did not have an established drug and alcohol testing policy. This incident prompted Employer to require all employees to submit to a drug screening. On March 21, 2014, following a staff meeting, an outside laboratory conducted the screenings. On March 27, 2014, Claimant met with Employer's general manager, Sharon Hearn, and admitted to ingesting cocaine and marijuana at a recent party. At about the time that Claimant confessed to Hearn, Employer learned that Claimant's drug test was positive for several drugs including cannabinoids, benzodiazepines, and cocaine. Employer discharged Claimant on March 27, 2014, for failing the drug test and violating its policies against committing illegal conduct and being under the influence of illegal drugs while at work.

Claimant applied for unemployment compensation benefits, which the UC Service Center granted. In doing so, the UC Service Center determined that

Claimant was not ineligible under Section 402(e.1) of the Law[2] because Employer did not have an established drug testing policy. Employer appealed, and the Referee conducted a hearing on May 13, 2014, at which Employer was represented by Hearn. Claimant did not appear.

At the hearing, Hearn testified regarding the circumstances leading up to the all-employee drug screening. Hearn described how the bag of alleged drugs was discovered, and after reviewing surveillance footage, a decision was made to test all employees for drugs. Hearn stated that Claimant was terminated for failing the drug test. She explained that she had

> a concern with his position that he's in, he's a doorman and all of our doormen staff have access to the keys for all of our residents' units and based on my insurance policy and speaking with my insurance agent, [Claimant] would be a high risk to, in order, even if he were to test[] positive [for drugs] and we were to give him a second chance, in the event that there would be any theft in the building, it would be the liability, [Employer] would be at risk and at fault for keeping this employee employed with, knowing that he tested positive.

Notes of Testimony, May 13, 2014, at 9. Hearn also testified that "Claimant admitted to me in my office the morning of [the drug test results, when] he was terminated, that he went to a party and that he did engage in cocaine with a couple of his friends." *Id.* at 10.

---

[2] Section 402(e.1) provides that an employee is ineligible for compensation when

> his unemployment is due to discharge or temporary suspension from work due to failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement

43 P.S. §802(e.1). Section 402(e.1) was added by the Act of December 9, 2002, P.L. 1330.

The Referee determined that Claimant was ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e).[3] In doing so, the Referee found that Employer failed to prove with competent evidence that the item discovered in its employee locker room was illegal contraband or linked in any way to Claimant. The Referee declined to consider the results of Claimant's drug screening on hearsay grounds. Thus, the Referee concluded that Employer "failed to establish that the Claimant used, distributed, or was under the influence of illegal drugs or alcohol while performing Employer business or on Employer property." Referee Decision/Order, May 15, 2014, at 3. Nevertheless, because Claimant admitted to Hearn that he had ingested marijuana and cocaine off duty, which was corroborated by his admission to the Department that he failed a drug test, the Referee held that Claimant violated Employer's policy prohibiting employees from engaging in "illegal activity." *Id.*

Claimant appealed to the Board, which remanded to the Referee to take additional evidence concerning Claimant's non-appearance at the hearing. At the remand hearing on August 14, 2014, Claimant testified that he had not received notice of the original hearing. He admitted that he had taken drugs at a party, but he denied being under the influence of drugs while at work.

On review, the Board found that Claimant had good cause for his failure to attend the first hearing. On the merits, the Board adopted the Referee's findings and conclusions and stated as follows:

---

[3] The Referee determined that Claimant was not ineligible under Section 402(e.1) because Employer did not have an established drug or alcohol testing policy. This issue has not been appealed and we will not consider it further.

4

> The Board specifically finds [C]laimant incredible that he was not under the influence at work and concludes that [C]laimant was under the influence at work…. [C]laimant had no good cause for being under the influence at work.

Board Adjudication, October 7, 2014, at 1. Accordingly, the Board affirmed the Referee's denial of benefits. Claimant now petitions for this Court's review.[4]

In his appeal, Claimant argues that the Board erred. Claimant contends that the drug test was unauthorized because Employer's handbook does not contain a drug testing policy. Claimant also argues that he did not violate Employer's policy because the misconduct to which he admitted occurred on his personal time away from Employer's premises. Claimant believes Employer's policy is vague in its "interpretation and understanding [of] when the willful misconduct policy can be applied[.]" Claimant's Brief at 10.

We begin with a review of the law on willful misconduct. Although "willful misconduct" is not defined in the Law, the courts have established that it means the following:

> (1) an act of wanton or willful disregard of the employer's interest;
>
> (2) a deliberate violation of the employer's rules;
>
> (3) a disregard of standards of behavior which the employer has a right to expect of an employee; and

---

[4] In unemployment compensation appeals, our review is to determine whether the Board's adjudication is in violation of constitutional rights, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Yost v. Unemployment Compensation Board of Review*, 42 A.3d 1158, 1161 n. 2 (Pa. Cmwlth. 2012).

5

> (4) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Altemus v. Unemployment Compensation Board of Review*, 681 A.2d 866, 869 (Pa. Cmwlth. 1996). It is the employer's burden to establish that a claimant's conduct constituted willful misconduct. *Conemaugh Memorial Medical Center v. Unemployment Compensation Board of Review*, 814 A.2d 1286, 1288 (Pa. Cmwlth. 2003). When an employer attempts to establish willful misconduct for violation of a work rule, the employer must establish the existence, violation, and reasonableness of the rule. *Id.* Once the employer establishes a *prima facie* case of willful misconduct, the burden shifts to the claimant to prove his actions did not constitute willful misconduct because he had good cause for his behavior. *Jordon v. Unemployment Compensation Board of Review*, 684 A.2d 1096, 1099 (Pa. Cmwlth. 1996). Good cause exists where the claimant's action is "justifiable or reasonable under the circumstances." *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 634 (Pa. 1976).

The Board is the ultimate finder of fact, and is free to accept or reject the testimony of any witness in whole or in part. *Collier Stone Co. v. Unemployment Compensation Board of Review*, 876 A.2d 481, 483 (Pa. Cmwlth. 2005). Therefore, the Board's findings of fact, including those adopted from the Referee, are conclusive on appeal if the record, taken as a whole, contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). "Substantial evidence" has been defined as "such relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153, 157 (Pa. Cmwlth. 1995). This

6

Court must examine the testimony in the light most favorable to the prevailing party, "giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists." *Taylor*, 378 A.2d at 831.

We agree with the Board that Claimant committed willful misconduct by consuming illegal drugs.[5] Employer established that it had an employee handbook that prohibited "committing illegal conduct," and the handbook did not limit the proscribed "illegal conduct" to that committed in the workplace. Referee Decision/Order, May 15, 2014 at 1, Finding of Fact No. 2. Claimant acknowledged receiving the handbook and was aware of the policy. Although the Referee did not consider the drug test results due to hearsay issues, Claimant admitted to Hearn that he had ingested marijuana and cocaine at a party. This admission of illegal conduct violated Employer's policy prohibiting "committing illegal conduct." We agree with the Referee and Board that Employer's policy was reasonable because, as a front doorman, Claimant was required to maintain building security and had access to the keys to all the apartments in Employer's building. Moreover, Claimant offered no evidence of good cause for his actions. Consequently, we conclude that Claimant committed willful misconduct, and the Board correctly denied Claimant unemployment compensation benefits.

For these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, Judge

---

[5] We do not address the issue of whether Claimant was under the influence of drugs at work.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven A. Blaylock          :
          Petitioner    :
             :
       v.           :   No. 2059 C.D. 2014
             :
Unemployment Compensation  :
Board of Review,        :
          Respondent   :

## **O R D E R**

On this 21st day of August, 2015, the order of the Unemployment Compensation Board of Review dated October 7, 2014, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge