596 A.2d 1191

James A. WILLIAMS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1991.

Decided Aug. 13, 1991.

668

Brenda Moseley, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

James A. Williams (claimant) appeals from an order of the Unemployment Compensation Board of Review (board) which affirmed a referee's decision denying benefits to the claimant under section 402(e) of the Unemployment Compensation Law,[1] for willful misconduct. This court affirms.

The issues in this case are: (1) whether violating an employer's parking policy is work-related activity, and (2) whether the claimant's refusal to comply with the employer's parking policy constitutes willful misconduct under section 402(e) of the law.

The undisputed facts of this case, as found by the referee, are as follows. The claimant worked as a security guard for Vanity Fair Factory Outlet for approximately five years. Until August, 1990, employees were permitted to park at a parking lot located across the street and owned by the Rockwell Company.

In August 1990, Vanity Fair told its employees that parking privileges at the Rockwell Company parking lot were discontinued upon instructions from the Rockwell Company. Thereafter, employees were required to park in the Vanity Fair lot located several blocks away from the facility. Vanity Fair provided a shuttle bus to take employees from the company lot to the facility.

On September 3, 1990, the claimant's supervisor issued him a written warning for disregarding the new parking policy by continuing to park in the Rockwell Company lot. Thereafter, the claimant continued to park in the Rockwell Company lot and, as a result, the claimant's employer discharged him on September 10, 1990.

The Bureau of Unemployment Compensation denied the claimant's application for benefits. The referee's decision affirmed the bureau's determination and the claimant appealed to the board. The board agreed with the referee and concluded that the referee properly decided this case under

1. Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

section 402(e) of the law and that the employer discharged the claimant for willful misconduct. This appeal followed.

## 1. Applicability of Section 402(e), Work–Related Misconduct

 The claimant contends that the board erred in deciding this case under section 402(e) of the law rather than under section 3 of the law. Section 402(e) prohibits a claimant from receiving benefits when the claimant's discharge is due to willful misconduct connected with his employment.

The claimant contends that his decision to park in the Rockwell lot is not work related on the ground that he parked his car *before* his shift started and removed it *after* his shift was completed. However, there is no requirement under section 402(e) that an employee's work-related misconduct occur on the employer's premises or precisely while on duty. *Caruso v. Unemployment Compensation Board of Review*, 122 Pa.Commonwealth Ct. 351, 551 A.2d 1167 (1988).

Although section 3 of the law does, as the claimant contends, apply to employees who have engaged in non-work-related misconduct, the board properly considered the claimant's actions in this case under section 402(e) of the law. The claimant's car remained at the Rockwell Company lot during the claimant's work shift, against the express orders of his company. Thus, the referee properly concluded that the claimant's actions were related to his employment.

## 2. Elements to be Proved

 An employer has the burden of proving that an employee has engaged in willful misconduct. *Hartley v. Unemployment Compensation Board of Review*, 40 Pa.Commonwealth Ct. 371, 397 A.2d 477 (1979). Because this case involves a work rule violation, the employer must establish both the existence of the reasonable work rule and its violation. *Brunson v. Unemployment Compensation Board of Review*, 131 Pa.Commonwealth Ct. 462, 570 A.2d

1096 (1990). If the employer proves the existence of the rule, the reasonableness of the rule, and the fact of its violation, the burden of proof shifts to the claimant to prove that he had good cause for his action. *Connelly v. Unemployment Compensation Board of Review*, 68 Pa.Commonwealth Ct. 635, 450 A.2d 245 (1982).

In this case, the claimant acknowledged that he knew of the employer's new parking policy which prohibited employees from parking in the Rockwell Company parking lot. The claimant also acknowledged receiving a written warning from his supervisor after he continued to park in the Rockwell Company lot. Additionally, the claimant admitted that after he received the warning he continued to park in the Rockwell Company lot.

The claimant contends that the employer's parking policy is unreasonable and that he had good cause to violate the parking policy.

The employer instituted the new parking policy based on Rockwell's request. Because Vanity Fair's employees were parking in assigned spaces for Rockwell employees, the Rockwell Company prohibited the company from using its parking lot. The employer notified all of its employees of the new parking policy and asked the employees to park in the employer owned parking facility. The employer's request that employees refrain from parking on private property, at the request of the property owner, is not an unreasonable policy.

Additionally, the claimant did not have good cause for failing to comply with the employer's request. Although the claimant contends that he reasonably believed that he had the right to park in the Rockwell Company lot because his employer did not own or lease the lot, we note that the employer gave written notice to the claimant that he was not permitted to do so.

Accordingly, the decision of the board is affirmed.

## ORDER

NOW, August 13, 1991, the order of the Unemployment Compensation Board of Review, decision No. B–287366, dated January 25, 1991, is affirmed.