Daniel GUTHRIE, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1999.

Decided Sept. 29, 1999.

·Zenford A. Mitchell, Pittsburgh, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

Before SMITH, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Daniel Guthrie (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of an unemployment compensation referee (referee) denying Claimant benefits. We affirm.

Claimant was employed with the Port Authority Transit of Allegheny County (Employer) for ten years until his last day of work on June 24, 1998. Claimant filed a claim for unemployment compensation with the Pittsburgh South Job Center (Job Center) and was denied benefits. Claimant filed a timely appeal from the Job Center's determination and an evidentiary hearing was held before a referee.

At the hearing before the referee, the referee accepted evidence and heard the sworn testimony of Claimant; Claimant's witness, Sharon Lawry; and Employer's witnesses, Robin Gray and Anthony Hickton. Based upon the testimony and evidence presented, the referee determined that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] as he was terminated for willful misconduct.

Claimant appealed the referee's decision to the Board and requested a remand. The Board made the following findings of fact.[2] Claimant's employment was governed by an agreement between Employer and the International Brotherhood of Electrical Workers (the Union). Finding of Fact (F.) 2. Pursuant to this agreement, a disciplinary policy originally enacted by Employer in 1982 applied to Claimant in the performance of his duties. F. 3. This policy provided that insubordination would result in a five-day suspension from employment for the first offense and discharge for a second. F. 4.

In August 1995, a settlement agreement was entered between Claimant, the Union and Employer. F. 5. This settlement agreement was considered a last chance for Claimant to maintain his position. F. 5. On April 12, 1996, a grievance resolution was entered between Claimant, Union and Employer, which served as a last chance agreement for Claimant to maintain his position. F. 6. The grievance resolution included the following language:

> [Claimant] will be expected to conduct himself in a professional and courteous manner and continue to be subject to the language of the agreement of August 28, 1995. Such language as stated, ... should [Employer], in the future, find it necessary to discuss matters of the nature involved in this suspension or any other matter concerning [Claimant]'s performance as an employee, it shall result in his immediate discharge. F. 7.

On June 23, 1998, Claimant made an inappropriate comment about a deaf co-worker during an office discussion with other employees. F. 8–15. Claimant's comment was overheard by his supervisor. F. 15. When confronted by his supervisor about the comment the following day, Claimant became defensive and accused the supervisor of having a chip on his shoulder and informed his supervisor that conversations occurring in the office were none of his business. F. 17–22. Claimant subsequently requested permission to report to the medical office and was sent home after seeing the nurse. F. 24. Claimant did not resume work after June 24, 1998, but rather sought psychological treatment. F. 25. A meeting was held on

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), which provides in pertinent part:
   An employee shall be ineligible for compensation for any week—
   (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in the act.

2. Upon review of the record and the evidence submitted at the referee's hearing, the Board adopted the referee's findings without making any independent findings of fact.

July 8, 1998 wherein the June 23 and 24, 1998 incidents were reviewed. F. 26. At the meeting's conclusion, Employer discharged Claimant because of his disrespectful attitude towards his supervisor in violation of the last chance agreement. F. 27.

On the basis of these findings, the Board concluded that Claimant's comments to his supervisor amounted to insubordination in violation of the last chance agreement and that Employer satisfied its burden of proving willful misconduct. The Board further concluded that Claimant failed to establish through competent evidence that he suffers from any physical or psychological impairment which would have caused his conduct as none of the evidence submitted was dated prior to Claimant's discharge. Accordingly, the Board affirmed the referee's decision denying benefits and denied Claimant's request for a remand hearing.

Claimant now appeals the Board's order to this Court.[3] On appeal, Claimant has presented the following two issues for our review:

1. Whether the Board erred as a matter of law and made factual findings unsupported by substantial evidence by concluding that Claimant was terminated for willful misconduct.
2. Whether the Board erred by not finding that Employer's policy was unreasonable.

Claimant contends that the Board erred in finding that Employer satisfied its burden of showing willful misconduct. We disagree.

▇▇▇ Preliminarily, we note that the Board is the ultimate fact-finding body in unemployment matters and is empowered to resolve conflicts in evidence, to determine what weight is to be accorded the evidence, and to determine the credibility of witnesses. *Peak v. Unemployment*

*Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985); *Unemployment Compensation Board of Review v. Wright*, 21 Pa.Cmwlth. 637, 347 A.2d 328 (1975). The Board's findings of fact are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Penflex, Inc. v. Bryson*, 506 Pa. 274, 485 A.2d 359 (1984). Substantial evidence is such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Wheelock Hatchery, Inc. v. Unemployment Compensation of Review*, 167 Pa.Cmwlth. 343, 648 A.2d 103 (1994).

▇▇▇ Under the Law, an employee is ineligible for unemployment compensation benefits when his or her employment is due to discharge or temporary suspension from work for willful misconduct connected with his or her work. Section 402(e) of the Law. The burden of proving willful misconduct is on the employer. *Sacks v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 31, 459 A.2d 461 (1983). Whether an employee's actions constitute willful misconduct is a question of law subject to judicial review. *Rossi v. Unemployment Compensation Board of Review*, 544 Pa. 261, 676 A.2d 194 (1996).

While willful misconduct is not defined by statute, it has been judicially described as: (1) the wanton and willful disregard of the employer's interests, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Cmwlth. 90, 309 A.2d 165, 168–69 (1973).

---

3. Our scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

■ A violation of an employer's work rules and policies may also constitute willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976). An employer must establish the existence of the rule and its violation. *Williams v. Unemployment Compensation Board of Review,* 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991). If the employer proves the existence of the rule, the reasonableness of the rule, and the fact of its violation, the burden of proof shifts to the claimant to prove that he had good cause for his action. *Id.* Good cause is established "where the action of the employee is justified or reasonable under the circumstances." *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976).

■ In the case before us, the Board found that Employer established the existence of a work rule making "insubordination, including, but not limited to, disrespectful behavior to a supervisor" a violation warranting suspension for a first offense and sufficient cause for discharge for a second offense. The Board further found that Employer established the existence of a rule pursuant to a last chance agreement which was signed in 1995 and reaffirmed in 1996 as part of a grievance resolution that Claimant was expected to conduct himself in a professional and courteous manner as a condition of employment. The Board found that Claimant accused the supervisor of having a chip on his shoulder and informed his supervisor that conversations occurring in the office were none of his business. The Board concluded that Claimant's comments challenging the supervisor's authority over the office amounted to insubordination in violation of Employer's rules and the last chance agreement. Based upon our review of the record, the Board's findings are supported by substantial evidence and support a legal conclusion that Employer met its burden of establishing a work rule and its violation.

Claimant contends, however, that Employer failed to satisfy its burden of proof by failing to show that Claimant swore or made any offensive comments to Employer or that Claimant failed to carry out work assignments or follow directives. While we agree that no such evidence was presented by Employer, we disagree that Employer needed to show such extreme conduct in order to establish that Claimant acted in a disrespectful manner towards his supervisor.

■ Having satisfied its burden of proving willful misconduct, the burden then shifted to Claimant to establish good cause for his behavior. Claimant contends that the Board erred in refusing to consider Claimant's medical evidence which demonstrated that Claimant had a psychological impairment which caused his "defensive" conduct toward his supervisor. Unfortunately, Claimant failed to present any competent medical evidence which would demonstrate the existence of such a medical condition prior to Claimant's discharge. The medical evidence presented only pertained to Claimant's condition following the discharge. We, therefore, conclude that the Board did not err in refusing to consider such evidence.

■ Lastly, Claimant contends that the Board's determination was erroneous on the grounds that Employer's policy was unreasonable and vague. Again, we disagree. Employer's policy of requiring its employees to act in a professional and courteous manner and prohibiting disrespectful behavior towards a supervisor is inherently reasonable. Employer's enforcement of this policy was also reasonable as Claimant had been previously warned that such discourteous behavior would not be tolerated and would be cause for immediate discharge.

Accordingly, the order of the Board denying benefits is affirmed.

## ORDER

AND NOW, this 29th day of September, 1999, the order of the Unemployment Compensation Board of Review, dated November 16, 1998, at Decision No. B–374396, is affirmed.