**Shirley GLENN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 4, 2007.

Decided July 17, 2007.

Stephen V. Yarnell, Narberth, for petitioner.

Judith M. Gilroy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

Shirley Glenn (Claimant) petitions the Court for review of the order of the Unemployment Compensation Board of Review (Board), which reversed the referee's decision granting benefits to Claimant under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e) (willful misconduct). Claimant questions whether the Board committed an error of law in reversing the award of benefits under Section 402(e) of the Law.

Claimant worked full time as the director of environmental services for Heartland Employment Services (Employer) at the final pay rate of $14 per hour. Her employment began October 31, 1996, and her last day of work was May 5, 2006. The UC Service Center denied Claimant benefits due to willful misconduct under Section 402(e) of the Law, but after a hearing the referee reversed the UC Service Center and granted Claimant benefits. Employer appealed the referee's decision to the Board, which made the following findings of fact:

2. The employer's policy provides in pertinent part: You agree to not

steal or attempt to steal, regardless of the amount, or be dishonest, regardless of the severity.

3. The claimant was aware or should have been aware of this policy; violation of which may result in discharge.

4. Employees routinely remove equipment from the facility for personal use.

5. On April 30, 2006, the claimant removed, from the workplace, a scrubber to use on her floors at home.

6. The employer subsequently discovered the scrubber was missing.

7. On May 5, 2006, the employer confronted the claimant regarding the whereabouts of the scrubber.

8. The claimant initially told the employer that she had loaned the scrubber to a sister facility.

9. The claimant asserted that she lied because she was intimidated by the number of people interviewing her and was scared because she believed the employer was accusing her of theft.

10. The employer suspended the claimant.

11. On May 8, 2006, the claimant contacted the employer, advising she had provided wrong information about the scrubber and explained that she had been scared to tell the truth.

12. The claimant subsequently returned the scrubber to the employer.

13. The employer discharged the claimant due to the above violation of the employer's rules.

The Board concluded that Claimant violated Employer's work rules and observed:

> While the Board does not question the fact that the claimant and others at the workplace had borrowed equipment from the employer in the past, and this practice was acceptable, the claimant was dishonest to the employer when first questioned by the employer regarding such. The claimant asserted that she did so because she panicked and was scared. The claimant initially told the employer that she had loaned the scrubber to a sister facility when in reality, the claimant borrowed the scrubber for her own personal use.
>
> The Board does not find the claimant's reason for being dishonest to constitute good cause for violating the policy. Because it was common practice at the workplace to borrow employer's equipment for personal use, the claimant should have truthfully explained what she did with the scrubber instead of lying about it, which was in violation of the employer's policy. Therefore, since the claimant has committed willful misconduct in connection with her work, a denial of benefits must result.

Board Decision at pp. 1–3.[1]

Claimant argues that her conduct did not constitute willful misconduct because

---

1. The Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed or the findings of fact are supported by substantial evidence in the record. *Western & Southern Life Ins. Co. v. Unemployment Compensation Board of Review*, 913 A.2d 331 (Pa. Cmwlth.2006). The Board is the ultimate fact finder and has the authority to resolve evidentiary conflicts and to make all necessary credibility determinations. *Id.* The Board's findings are conclusive on appeal so long as the record contains substantial evidence to support its findings. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

during her employment Employer did not enforce its rule prohibiting theft of company property. Claimant contends that her supervisor, Mr. Clopp, and other employees routinely borrowed Employer's equipment for their personal use. Relying on *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205 (Pa. Cmwlth.2006), Claimant asserts that she reasonably concluded that borrowing the equipment was not in violation of Employer's work rules.[2]

■ The Board responds that Claimant violated Employer's policy against dishonesty by lying to Employer about what she had done with the scrubber that she took home for her personal use. The Board asserts that Claimant does not challenge any of the facts found by the Board and that those unchallenged facts are conclusive upon appeal, citing *Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167 (Pa.Cmwlth.1997). It credited Claimant's testimony that taking Employer's property was an accepted practice, but it found that Claimant's dishonesty constituted willful misconduct. Moreover, a claimant who has been discharged for multiple reasons is disqualified from receiving benefits even if only one of those reasons amounts to willful misconduct. *Anderson v. Unemployment Compensation Board of Review*, 86 Pa.Cmwlth. 626, 485 A.2d 900 (1985).

■ The Court has defined willful misconduct as the wanton and willful disregard for an employer's interests; a deliberate violation of an employer's rules; a disregard for standards of behavior which an employer can rightfully expect of an employee; or negligence indicating an intentional and substantial disregard of the employer's interest or an employee's duties or obligations. *See Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518 (Pa.Cmwlth.1999). The violation of a work rule may be considered willful misconduct, *id.,* and when an employer claims violation of a work rule, the employer bears the burden of proving the existence of the rule, its reasonableness and violation. *Conemaugh Memorial Medical Center v. Unemployment Compensation Board of Review*, 814 A.2d 1286 (Pa.Cmwlth.2003). Once the employer meets its burden, it shifts to the claimant to prove good cause for his or her action. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991).

■ In *Guthrie* the Court explained that "[g]ood cause is established 'where the action of the employee is justified or reasonable under the circumstances.'" *Id.,* 738 A.2d at 522 (quoting *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 87, 351 A.2d 631, 634 (1976)). In the present matter, Claimant has not established good cause for her dishonesty. As the Board correctly points

---

**2.** Citing *Unemployment Compensation Board of Review v. Schmid*, 20 Pa.Cmwlth. 286, 341 A.2d 553 (1975), Claimant suggests in her brief that if a work rule states that a violator can be disciplined up to and including discharge, then discharge for violating the rule cannot be a disqualifying event. In *Schmid* the employer had specific work rules on tardiness. Employees were notified that receipt of a third penalty for being late for work would result in termination. The Court indicated that "the employer has told its employees by

means of the shop rules what standards of behavior it expects, and what the employee could expect for violations of those rules." *Id.,* 341 A.2d at 555. Although the claimant continued to arrive late for work, he only received one penalty from the employer. The Court held that the claimant did not commit willful misconduct under such circumstances. The Court decided *Schmid* based on the facts presented there, and its holding does not support Claimant's arguments.

out, if Claimant believed that Employer's management knew of the practice of employees' routine removal of equipment and condoned it, there was no reason, or good cause, for Claimant's initial dishonesty about removing the scrubber. She therefore violated Employer's policy prohibiting dishonesty. In *Downey v. Unemployment Compensation Board of Review,* 913 A.2d 351, 353 (Pa.Cmwlth.2006), the Court held that "an employee's dishonesty or misrepresentation can exhibit a disregard of the employer's interests and disregard of standards of behavior that the employer can rightfully expect from its employees."

Claimant further argues that her actions were justified and reasonable under the circumstances because she was the only African–American employee under Clopp's supervision and was treated differently than her white co-workers. Claimant's supervisor allowed white employees to borrow Employer's equipment, and some of the employees even stole equipment from Employer but suffered no discipline for their actions. Claimant explains that her initial statement arose from fear of retribution against her due to the racial environment at Employer's facility and the large number of people who confronted her and that she called Employer's Care-Line within 48 hours of her misstatement to correct herself. The Board discounts Claimant's argument as irrelevant because Clopp was not involved in the discharge decision, and Claimant further failed to show that other employees lied to Employer but were not discharged.

In *Department of Transportation v. Unemployment Compensation Board of Review,* 755 A.2d 744, 748 (Pa.Cmwlth. 2000), the Court stated that "the essence of disparate treatment is not only whether unlawful discrimination has occurred but also whether similarly situated people are treated differently, based upon improper criteria." Here, Claimant failed to show that she was disparately treated. There is no evidence here to indicate that Claimant's supervisor and co-workers lied to Employer regarding the whereabouts of equipment that they may have taken from the premises in violation of Employer's work rule. The evidence accepted by the Board as credible demonstrates that Employer based its discharge decision on Claimant's dishonesty rather than on improper criteria such as her race. Accordingly, Claimant's argument that she was treated in a disparate manner from other employees must fail, and because the Board did not commit an error of law in reversing the referee's decision the Court affirms its order.

## *ORDER*

AND NOW, this 17th day of July, 2007, the Court affirms the order of the Unemployment Compensation Board of Review.