IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington Township,                          :
                                              : No. 2361 C.D. 2014
                          Petitioner          : Submitted:  July 17, 2015
                                              :
              v.                              :
                                              :
Unemployment Compensation                     :
Board of Review,                              :
                                              :
                          Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                         FILED:  August 28, 2015


          Washington Township (Employer) petitions for review of the December
3, 2014, order of the Unemployment Compensation Board of Review (UCBR)
reversing the referee's decision to deny Kenneth L. Knopp (Claimant) unemployment
compensation benefits.  The UCBR determined that Claimant's actions did not rise to
the level of willful misconduct under section 402(e) of the Unemployment
Compensation Law (Law).[1]  We affirm.

_____

          [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).  Section 402(e) of the Law provides that an employee shall be ineligible for benefits for
any week "[i]n which his unemployment is due to his discharge . . . from work for willful
misconduct connected with his work."  43 P.S. §802(e).

Claimant worked as a patrolman for Employer from July 22, 2003,[2] until September 23, 2013. After his separation from employment, Claimant applied for benefits, which the local service center denied. Claimant appealed to the referee, who, after a hearing, determined that Claimant committed willful misconduct under section 402(e) of the Law and affirmed the service center's denial of benefits.

Claimant appealed to the UCBR, which made its own findings of fact. The UCBR found that Employer has a commercial vehicle enforcement program. Specifically, through its police department, Employer enforces both state and federal regulations regarding motor carrier safety. (UCBR's Findings of Fact, No. 2.)

Claimant was certified to perform commercial vehicle inspections. Employer sent Claimant for training annually. Claimant needed to perform two inspections before the end of the year to maintain his certification. (*Id*., Nos. 3-4, 15.)

On September 25, 2013, Claimant had shoulder surgery for an off-duty injury. Before the surgery, Claimant asked the police chief about conducting inspections while he was off of work for his surgery. The police chief told Claimant that he could not "come in" and inspect trucks while he was on disability because of the liability to Employer. (*Id.*, Nos. 8-11.)

---

[2] Although the UCBR found that Claimant started working for Employer on July 22, 2013, it is undisputed that Claimant actually started on July 22, 2003. (N.T., 6/12/14, at 7.)

On December 29, 2013, Claimant performed two truck inspections. The inspections did not occur on Employer's premises. Claimant informed Employer's other inspector about the inspections he performed. (*Id.*, Nos. 12-15.)

There are five levels of inspections. A Level 1 inspection is conducted on the roadway and the driver and his documents are also inspected. In a Level 5 inspection, only the vehicle is inspected. The inspection sheets Claimant submitted to the state for the December inspections indicated that Claimant performed two Level 1 inspections and that both inspections occurred on a highway. However, both inspections were conducted at a garage and not on a highway as indicated. Claimant testified that he used the nearest state route number as the inspection location, which is a common practice among inspectors.[3] Claimant did not intentionally falsify documents. (*Id.,* Nos. 16-21.)

Employer has a record management system that identifies inspected trucks. Claimant did not document the December inspections in Employer's system because the inspections occurred "off duty," and "off duty" inspections were not required to be documented. (*Id.,* Nos. 22-23.)

The state also has a record management system, which requires forms to be filled out and submitted, indicating that trucks were inspected. Claimant intended to submit copies of the state forms to Employer once he returned to work. (*Id.*, No. 22, 24.)

---

[3] Claimant testified that a state route number is preferred on the inspection form. (N.T., 6/12/14, at 29-30.)

3

In March 2014, the police chief learned of the two December inspections. On April 16, 2014, Employer discharged Claimant for insubordination, filing false documents with the state, failing to submit required reports, and untruthfulness. (*Id.*, Nos. 12, 25.) The UCBR credited Claimant's testimony and concluded that Claimant did not engage in willful misconduct. Therefore, the UCBR reversed the referee's decision. This appeal followed.[4]

Willful misconduct is defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). The terms "wanton and willful," "deliberate," and "intentional disregard," "all include an element indicating a consciousness of wrongdoing on the part of the employee." *Eshbach v. Unemployment Compensation Board of Review*, 855 A.2d 943, 947 n.6 (Pa. Cmwlth. 2004) (*en banc*). The employer has the burden of proving that the employee engaged in willful misconduct. *Klapec Trucking Company v. Unemployment Compensation Board of Review*, 503 A.2d 1122, 1124 (Pa. Cmwlth. 1986). If the employer meets its burden, the burden then shifts to the claimant to show good cause. *Id.*

---

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

On appeal, Employer challenges the UCBR's findings, claiming that they are not supported by substantial evidence. "Substantial evidence is such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Guthrie,* 738 A.2d at 521. The UCBR is the factfinder and its findings are conclusive on appeal so long as the record contains substantial evidence to support the findings. *Id.*

Initially, Employer argues that Claimant was insubordinate and that the UCBR's contrary finding is not supported by substantial evidence. According to Employer, the police chief testified that he told Claimant not to perform inspections while out on disability and Claimant admitted that he performed inspections while on leave. Employer argues that Claimant's admitted conduct amounts to insubordination. We disagree.

The police chief actually testified that he told Claimant that he could not come to Employer's premises to perform inspections while on leave. (N.T., 6/12/14, at 12, 21-22.) The police chief explained to Claimant that because Claimant would be on disability, Employer could be liable if Claimant was injured on Employer's premises. (*Id*.) Claimant understood that he was not permitted to conduct inspections on Employer's premises. (*Id*. at 22.)

Employer did not offer testimony that Claimant was prohibited from performing off-premises inspections. The testimony supports the UCBR's finding that Claimant did not violate Employer's directive by performing off-premises inspections.

Next, Employer contends that Claimant intentionally falsified documents and that the UCBR's finding to the contrary is not supported by substantial evidence. Employer notes that the inspection location indicated in the state report was wrong. However, in his testimony, Claimant credibly explained that he used the nearest main road as the inspection location, which is a common industry practice. As such, substantial evidence supports the UCBR's determination that Claimant did not intentionally falsify documents.

Next, Employer alleges that contrary to the UCBR's determination, Claimant tried to hide his misconduct. Although Claimant did not input the December inspections into Employer's record management system, the UCBR determined that Claimant credibly testified that "off duty" inspections were not required to be placed into Employer's system. Additionally, the UCBR credited Claimant's testimony that he intended to provide Employer copies of state forms once he returned to work. Thus, the UCBR's finding is supported by Claimant's testimony.

Employer also argues that contrary to the UCBR's determination, Claimant was untruthful. Specifically, Employer argues that the UCBR disregarded the police chief's testimony that he told Claimant not to perform inspections and that Claimant filed inspection reports containing false information. As previously stated, the police chief only prohibited Claimant from performing inspections on Employer's premises. Moreover, the UCBR specifically found that Claimant did not intentionally file false inspection reports.

Based on the UCBR's findings, we agree with the UCBR that Claimant did not engage in willful misconduct. Claimant did not violate the police chief's directive by performing off-premises inspections. Moreover, Claimant did not intentionally falsify documents. As such, the UCBR did not err in determining that Employer failed to meet its burden of proving that Claimant engaged in willful misconduct.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington Township,                            :
                                                : No. 2361 C.D. 2014
                        Petitioner               :
                                                :
            v.                                   :
                                                :
Unemployment Compensation                        :
Board of Review,                                 :
                                                :
                        Respondent               :

# O R D E R

AND NOW, this 28th day of August, 2015, we hereby affirm the December 3, 2014, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge