Sarolta Z. Farkas,              :
                                             :
                 Petitioner       :
                                               :
                v.                 : No. 1910 C.D. 2016
                                               : Submitted: April 28, 2017
Unemployment Compensation    :
Board of Review,                    :
                                             :
                Respondent     :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                               **FILED: June 5, 2017**


Sarolta Z. Farkas (Claimant) petitions, *pro se*, for review of the October 26, 2016 order of the Unemployment Compensation Board of Review (Board), affirming the decision of a Referee on August 13, 2015, and concluding that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) because she violated the policy of her employer, the Jewish Community Center of York (Employer) and her conduct in doing so amounted to willful misconduct under the Law. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work. 43 P.S. § 802(e).

This matter was previously before this Court on Claimant's appeal from the Board's November 6, 2015 order adopting and incorporating the Referee's findings and conclusions regarding her ineligibility for unemployment compensation benefits. On August 26, 2016, the Court in an unpublished opinion and order,[2] remanded this case to the Board for additional findings.

Claimant's employment as a full-time teacher had been terminated on June 29, 2015, following an event four days earlier during which Claimant grabbed a student (Student), who has Down's Syndrome, by his right arm, and attempted to drag him from the middle of a circle of students, in violation of Employer's policy against touching a child unless there was a safety issue. (R. Item 17, 10/26/2016 Board Decision and Order, Findings of Fact (F.F.) ¶¶ 2, 8, 13.) Claimant filed for unemployment benefits and after receipt of a Notice of Determination finding her not eligible (R. Item 4, Notice of Determination), Claimant petitioned for review. A hearing was held before a Referee on August 13, 2015. (R. Item 8, Referee's Hearing: Transcript of Testimony (H.T.).) Employer presented the testimony of Claimant's former supervisor and one of Claimant's co-workers (Co-worker) and Claimant, accompanied by a representative, appeared and testified. The Referee affirmed the Unemployment Compensation Service Center, and with respect to the conduct that served as the basis for the termination from employment, found specifically that:

> [C]laimant's testimony [was] without merit that she only touched the [Student's] sock in an effort to move the child, given that she was concerned about the child's personal safety and the safety of the other children in the immediate surrounding area. Any discrepancy between

---

[2] *Farkas v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 2673 C.D. 2015, filed August 26, 2016).

> [E]mployer's testimony and [C]laimant's concerning the conduct…the Referee resolves in favor of [E]mployer.

(R. Item 9, Referee's Decision/Order, Reasoning.) Claimant filed an appeal to the Board and the Board affirmed the Referee's decision, adopting and incorporating his findings and conclusions.

Claimant then appealed to this Court, and pursuant to the aforementioned August 2016 opinion and order, the matter was remanded to the Board "for a new decision which shall resolve its conflicting credibility determinations with regard to whether Claimant had a credible and reasonable concern for [Student] when she attempted to drag him on June 25, 2015." *Farkas v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 2673 C.D. 2015, filed August 26, 2016), slip op. at 14. After opining that Employer maintained a policy against touching a child unless there was a safety issue, and that Claimant was aware of the policy, the Court stated:

> We next address whether there is substantial evidence to support the conclusion that Claimant violated the restrictions on her ability to touch a child. Here, the Board "credit[ed] the testimony of [Co-worker] that there *was no immediate safety issue* with the [C]hild…" (Board Order (emphasis added).) However, the Board also adopted and incorporated all of the Referee's findings and conclusions, which created an inconsistency. The Referee found that Claimant "became concerned not only for [the Child's] safety but also for the safety of the other children…" and that "[a]s a result of [C]laimant's concern, [C]laimant grasped [the Child] around his upper arm and dragged him…" (FOF 7-8 (emphasis added).)

*Id.*, slip op. at 11-12.

The Board issued its remand decision on October 26, 2016, and made the following findings of fact:

3

1. For the purposes of this appeal, the claimant was last employed by [Employer], in a full-time position as a teacher, earning around $13 per hour from September 1, 1998 until June 29, 2015.

2. The claimant was aware that the employer did not permit employees to touch a child unless there was a safety issue for the child or others.

3. On June 25, 2015, the claimant was involved in an event that while escorting children into a small room, [Student], who has Downs Syndrome, as part of his normal routine, placed himself on the floor on his left side and raised his right arm up.

4. The claimant did not verbally instruct [Student] to move.

5. [Student] can respond to verbal instructions.

6. The other children were coming into the room and were directed to sit in a circle. None of the children were directly behind or in front of [Student].

7. The claimant had no reason to believe that [Student] posed a safety hazard.

8. The claimant grabbed [Student] by the right arm and attempted to drag him from the middle of the circle.

9. The claimant was unable to move [Student].

10. A co-worker reported the claimant's actions to her supervisor.

11. On June 29, 2015, the claimant was notified by the employer to attend a meeting to provide her side of the story; the claimant did so.

12. The claimant denied grabbing [Student's] arm. She stated that she had only touched his sock.

13.  Based on [Employer's] investigation, the claimant was discharged for grabbing [Student] in violation of its policies.

(R. Item 17, Board's Decision and Order, dated October 26, 2016, F.F. ¶¶ 1-13.) The Board determined that Claimant did not show that she had a reasonable fear for anyone's safety, noting that Student was not moving at the time she grabbed him and no other children were in front or in back of him; the Board further stated that Claimant did not attempt to verbally redirect Student, who can respond to verbal instructions, but rather grabbed his arm and attempted to drag him. (*Id.*, Discussion.) The Board concluded that Claimant did not demonstrate good cause for her actions, and specifically found her testimony that she only touched Student's sock as not credible. (*Id.*)

Before this Court,[3] Claimant contends that the Board's findings of fact are not supported by substantial evidence and that the Board should have resolved conflicts in testimony in her favor. Claimant asserts that she was aware of no rule or policy regarding the touching of a child and in fact no such rule exists. She further asserts that the Board erred in finding that there were no children behind or in front of Student (F.F. ¶ 6); erred in finding that she had no reason to believe that Student posed a safety hazard (F.F. ¶ 7); and erred in finding that she grabbed

---

[3] This Court's scope of review is limited to determining whether findings of facts are supported by substantial evidence, whether errors of law were committed, and whether constitutional rights were violated. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 n.3 (Pa. 1996). Substantial evidence is defined as "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). Where the Board's findings of fact are supported by substantial evidence, the findings are conclusive on appeal. *Graham v. Unemployment Compensation Board of Review*, 840 A.2d 1054, 1059 (Pa. Cmwlth. 2004).

Student by the arm and attempted, but was unable to drag him (F.F. ¶ 9).[4] Claimant also asserts that, at the hearing, the Referee prevented her from questioning Employer's representatives as to the nature of Employer's policy and whether it had been violated and she contends, finally, that the real reason she was fired was because Employer wished to replace older, higher-paid full-time employees with younger, lower-paid part-time employees.

We note first that Claimant's argument that Employer simply wished to replace her with a younger, lower-paid part-time employee is raised for the first time in the brief before us, and was not raised in her prior appeal. Parties must raise issues at the earliest opportunity, usually at the referee's hearing, or the issue is waived. *Dehus v. Unemployment Compensation Board of Review*, 545 A.2d 434, 436, (Pa. Cmwlth. 1988). As to Claimant's assertion that the Referee interfered with questioning regarding the substance of Employer's policy, it has already been finally determined by this Court[5] that although Referee indeed hindered Claimant's ability to offer testimony regarding the location and substance of a policy restricting the touching of a child and her lack of knowledge thereof, Employer did maintain a generalized understanding among employees that they were not to touch children except in cases involving their safety, and there was

---

[4] Claimant asserts that if she had wanted to move Student, she certainly could have exerted enough pressure to move him by pulling on his leg or body. (Claimant's Brief in Response to Board Brief and Intervenor/Employer Brief at 2-3.)

[5] Pursuant to this Court's Internal Operating Procedures, an unreported opinion may be cited and relied upon when it is relevant under the doctrine of law of the case, *res judicata* or collateral estoppel. 210 Pa. Code § 69.414(a). The law of the case doctrine precludes an appellate court, and a court of concurrent jurisdiction, from reversing a previous ruling made in another phase of the same case. *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995).

substantial evidence to support a finding that Claimant was generally aware of the restrictions imposed by this policy.[6] *Farkas*, slip op. at 10-11, 13.

We consider therefore the only issues properly before us, that is, whether Claimant violated Employer's policy and whether such actions constitute "willful misconduct," a question of law subject to this Court's review. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 (Pa. 1996). Willful misconduct is defined as: (i) wanton or willful disregard for an employer's interests; (ii) deliberate violation of an employer's rules; (iii) disregard for standards of behavior which an employer can rightfully expect of an employee; or (iv) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997). The deliberate violation of an employer's policy may constitute willful misconduct; the employer must first meet its burden by proving the existence of the policy and its violation. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 522 (Pa. Cmwlth. 1999). However, the burden then shifts to the employee, and the employee may establish that she had good cause for her action. *Id.* Good cause is established where "the action of the employee is justified or reasonable under the circumstances." *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 634 (Pa. 1976).

On remand, the Board resolved conflicts in testimony in favor of Employer's witnesses, crediting the Co-worker's testimony that Claimant grabbed

---

[6] Indeed, Claimant testified that she was aware generally that she could not touch a child unless there is a safety issue (R. Item 8, Referee's Hearing, H.T. at 33), and in her initial claim for benefits stated, "our program has a 'hands off' policy in place in which teachers are not allowed to touch children, except in cases of emergency." (R. Item 2, Internet Initial Claims.)

7

Student by the arm and attempted to drag him from his position; the Board found Claimant's testimony that she only touched Student's sock not credible, and determined that Claimant failed to demonstrate a reasonable concern for either Student or the other children involved and had no reason to believe that Student posed a safety hazard.

Here, Claimant asks this Court to resolve conflicts in testimony in her favor and reverse the Board's findings to reflect her version of the events that transpired. However, the Board is the ultimate finder of fact and is empowered to resolve conflicts in evidence, to determine what weight is to be accorded the evidence, and to determine the credibility of witnesses. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1385 (Pa. 1985). The Board is free to accept or reject a witness's testimony whether or not it is corroborated by other evidence of record. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). The Board found that Claimant's actions were in violation of Employer's policy and Claimant failed to produce credible evidence that she had a reasonable fear for anyone's safety; she thus showed no good cause for her actions. Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarolta Z. Farkas,                          :
                                            :
              Petitioner                    :
                                            :
       v.                                   : No. 1910 C.D. 2016
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
              Respondent                    :

# **O R D E R**

AND NOW this 5th day of June, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**