IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessmay Y. Reyes, :
               Petitioner :
                                      :
        v. :
                                        :
Unemployment Compensation :
Board of Review, : No. 864 C.D. 2016
               Respondent : Submitted: December 16, 2016

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge[1]
                  HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                FILED: September 14, 2017

          Jessmay Reyes (Claimant) petitions for review of an April 27, 2016 order of the Unemployment Compensation Board of Review (Board) which denied her unemployment benefits under Section 402(e) of the Unemployment Compensation Law[2] (Law). Upon review, we affirm.

          Claimant worked as a licensed practical nurse for Corecard Behavioral Health Management Inc. (Employer), from April 1, 2014 through

---

[1] This case was decided before Judge Hearthway's service on the Court ended September 1, 2017.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

January 11, 2016 as a full-time licensed practical nurse.[3] The clinic is an in-patient facility in which patients undergo a rehabilitative program that includes the administration of methadone. Part of Claimant's job responsibilities involved visually assessing patients in the evening to track their tolerance to methadone and monitor symptoms of over sedation. Claimant was required to immediately record her observations and the patients' vital signs.

On the morning of January 11, 2016, Claimant recorded her visual assessments for several patients. The recordings made by Claimant indicated the assessments took place the evening of January 11. (Certified Record (C.R.) Item 10, Transcript of Testimony (Transcript) at 6, 13.) These assessments indicated all patients were alert and showed no signs of over sedation. (Employer Exhibit E2.) Claimant was subsequently terminated for falsifying medical records of patients.

Claimant filed for unemployment benefits and received a notice of determination finding her ineligible under Section 402(e) of the Law. Following a hearing, the Referee found Claimant eligible for benefits because her "improper clinical documentation" did not rise to the level of work-related willful misconduct. (C.R. Item 11, Referee's Decision/Order at 2.) Employer appealed to the Board, which reversed the decision of the Referee and found Claimant ineligible under Section 402(e). This appeal followed.[4, 5]

---

[3] Except where noted otherwise, the facts are derived from the findings of fact set forth in the Board's April 27, 2016 order.

[4] This Court's review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Oliver v. Unemployment Compensation Board of Review,* 5 A.3d 432, 438 n.2 (Pa. Cmwlth. 2010).

2

The sole issue before the Court is whether Claimant's actions rose to the level of willful misconduct, making her ineligible for unemployment compensation benefits.

Claimant argues her conduct does not meet the definition of willful misconduct because she made the entries early to ensure they were being done. (Claimant's Brief at 4.) This incident was an isolated event which did not provide the *mens rea* required for termination. *Id.* at 5. The documents presented by Employer indicated other nurses neglected to enter the results of their visual assessments and therefore rules were not applied uniformly. *Id.* at 7. Claimant further argues the procedure which required documentation of visual assessments was "something 'new,'" and therefore no rule, policy, or regulation was implicated by her actions. *Id.* at 9. If Claimant observed changes during a later shift which required further documentation, she would take care of it at that time. *Id.* at 8.

Willful misconduct in the unemployment context has been held to mean a wanton or willful disregard for an employer's interests, a deliberate violation of the employer's rules, a disregard for standards of behavior which an employer can rightfully expect from an employee, or negligence indicating an intentional disregard for the employer's interest or the employee's duties and obligations. *Navickas v. Unemployment Compensation Board of Review,* 787 A.2d 284, 288 (Pa. 2001). The burden of proving willful misconduct lies with the

[5] We note an *amicus curiae* brief was filed by Jose Caraballo, a friend of Claimant. Mr. Caraballo acknowledges leave of court has not been sought nor does he allege involvement in the underlying proceedings. The purpose of his brief is to "provide this court with an objective view of the appellant and the relief she is respectfully requesting." The vast majority of his brief consists of statements of facts that are not part of the record. This Court cannot consider evidence that was never made part of the official record, *Kennedy House, Inc. v. Philadelphia Commission on Human Relations,* 143 A.3d 476, 485 (Pa. Cmwlth 2016). We are therefore unable to consider his arguments.

employer. *Brant v. Unemployment Compensation Board of Review*, 477 A.2d 596, 597 (Pa. Cmwlth. 1984). If the employer proves the existence of the rule, the reasonableness of the rule, and the fact of its violation, the burden of proof shifts to the claimant to prove that he had good cause for his action. *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 522 (Pa. Cmwlth. 1999).

Instantly, Employer's human resource manager testified Employer maintained a policy which included the falsification of documents as a terminable offense for a first instance. (C.R. Transcript at 4.) This policy was provided to Claimant during orientation. *Id.* Claimant freely admitted to having logged her visual assessment of the patients some twelve hours in advance, essentially predicting what their conditions would be. *Id.* at 13. The documents at issue are methadone induction forms, used by nurses to indicate a patient's level of alertness after the administration of methadone. *Id.* at 7. These forms are part of a patient's record. *Id.* at 8.

The policy at issue and implicated here is one which prohibits the falsification of records, not a "new" policy which directed the recordation of a nurse's visual assessment. The simple fact remains that Claimant entered information on her patients' records which she knew to be untrue, as it was simply not possible for Claimant to make a visual assessment of each patient and record the results of those assessments at a moment in time that had not yet come to pass. Modifying a record at a later date cannot retroactively create truth from the initial inaccuracy.

We cannot accept Claimant's arguments that her predetermination of record information was excusable because she could easily change them should a

4

patient's condition change and no longer reflect those made at the end of a prior shift. This practice simply does not comport with Employer's quite reasonable (and vitally important) policy. As explained by one of Claimant's supervisors when testifying at the hearing, methadone is a narcotic, the administration of which carries the risk of death. (C.R. Transcript at 6.) Claimant knew about the policy and it is undisputed that Claimant violated that policy when she wrote the results of visual assessments she did not make. Claimant's explanation that she assumed her patients' conditions ahead of time to forestall her neglecting that duty at the time it was required of her simply cannot constitute good cause for violating that policy.

For these reasons, the order of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

5

Jessmay Y. Reyes, : 
             Petitioner : 
              : 
       v. : 
              : 
Unemployment Compensation : 
Board of Review, :   No. 864 C.D. 2016
             Respondent : 

## O R D E R

AND NOW, this 14th day of September, 2017, the April 27, 2016 order of the Unemployment Compensation Board of Review is affirmed.

_____
JOSEPH M. COSGROVE, Judge