IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Perry Craig Harrison,              :
                Petitioner    :
                                   :
        v.                        :
                                   :
Unemployment Compensation   :
Board of Review,             :   No. 1937  C.D. 2016
                Respondent  :   Submitted:  March 31, 2017


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED:  October 19, 2017


       Perry Harrison (Claimant) petitions for review of an October 21, 2016 Decision and Order of the Unemployment Compensation Board of Review (Board) which denied him benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] for having committed willful misconduct.  Upon review, we affirm.

       Claimant was employed as a full-time truck driver with Area Storage (Employer) from November 3, 2010 through July 6, 2016.  During his employment, Claimant was involved in several accidents in which he hit other vehicles.  After Claimant's first two accidents and following his 2015 conviction for texting while

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

driving, Employer issued a written warning to Claimant that future violations would result in termination and possible suspension of his commercial driver's license (CDL). Subsequently, Claimant was involved in another vehicle accident in which he rear-ended a dump truck stopped at a red light. Claimant was discharged that day for deliberate negligence in the operation of a commercial motor vehicle.

Claimant filed for unemployment benefits, and was found ineligible under Section 402(e) of the Law by the Lancaster Service Center (Service Center). Claimant appealed. Following a hearing, the Referee affirmed the determination of ineligibility. Claimant appealed to the Board, which adopted the findings and conclusions of the Referee and affirmed the decision that Claimant was ineligible under Section 402(e) of the Law. This appeal followed.[2]

## Discussion

The essential issue for this Court is whether a finding that Claimant committed willful misconduct is supported by substantial evidence.

Claimant argues the Board mischaracterized the facts surrounding the July 6, 2016 accident that immediately preceded his termination. He contends the facts of the accident show he was not engaged in willful misconduct, and the accident was instead the result of mere negligence. Claimant further argues his two previous accidents were not his fault, but due to non-negligent circumstances. His actions, therefore, do not rise to the level of willful misconduct, and Claimant asserts he is entitled to unemployment benefits.

[2] This Court's review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Oliver v. Unemployment Compensation Board of Review,* 5 A.3d 432, 438 n.2 (Pa. Cmwlth. 2010).

While the Board acknowledges the accident itself was not willful, it argues Claimant's actions leading up to the collision meet the willfulness standard as Claimant violated motor vehicle laws. Claimant's conduct after having been counseled and convicted of past misconduct, the Board asserts, rises to the level of willful misconduct.

Section 402(e) of the Law provides that *"*[a]n employe shall be ineligible for compensation for any week… [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work…" 43 P.S. § 802(e). The burden to show claimant committed willful misconduct falls on the employer. *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999). Willful misconduct has been defined by the courts to include negligence indicating an intentional disregard of the employer's interest. *Grieb v. Unemployment Compensation Board of Review,* 827 A.2d 422, 425 (Pa. 2003). In unemployment compensation review cases, the Board is the ultimate finder of fact and arbiter of credibility. *See Ductmate Industries, Inc. v. Unemployment Compensation Board of Review,* 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Upon appeal, the Board's finding of facts are taken as conclusive, "so long as the record, taken as a whole, contains substantial evidence to support those findings." *Penflex, Inc. v. Bryson,* 485 A.2d 359, 365 (Pa. 1984). Substantial evidence is "such relevant evidence which a reasonable mind may accept as adequate to support a conclusion." *Guthrie*, 738 A.2d at 521.

Employer presented the testimony of Anna Lyons (Lyons), Employer's Director of Safety, who related the following. When questioned about the circumstances of the accident, Claimant told Lyons he was reaching for a sandwich and only took his eyes off the road for a minute. (Certified Record (C.R.), Transcript

of Testimony (T.T.) at 7.) A review of data taken from Employer's software which logs vehicle speed, direction, and GPS indicated Claimant was traveling in excess of the speed limit. *Id.* Employer determined the accident was preventable and Claimant was at fault, due to speed and not watching the roadway. *Id.* Lyons testified that Claimant's conviction for texting while driving was also a factor in terminating his employment. *Id.* Entered as an exhibit, without objection, was the written warning dated April 18, 2016, that notified Claimant future infractions would result in termination. (C.R. Item 3, Exhibit 7.)

Claimant's testimony at the September 1, 2016 hearing largely consisted of challenges to allegations of fault in the accidents prior to the July 6, 2016 incident. (T.T. at 11.) While Claimant initially testified he kept his lunch box placed in a manner that did not require him to look at it while driving, he subsequently stated, in regards to factors which contributed to the July 6, 2016 accident, that "it was a fact, but I don't think the sandwich had much to do with it." *Id.* Claimant placed most of the blame for the accident on glare from the sun. *Id.* Claimant also testified he believed the dump truck he rear-ended did not have functioning brake lights. *Id.* at 14. He admitted he "should have realized he was over the speed limit." *Id.* at 15. Claimant traveled on the road upon which the accident took place "just about every day," and he was aware of the existence of the stop light. *Id.*

Claimant offered several theories in an attempt to evidence that the July 6, 2016 accident, and those preceding it, were not his fault, and therefore he had not engaged in willful misconduct. The Board found his testimony to be self-serving and not credible. (C.R., Item 11, Referee's Decision and Order at 2.) The Board concluded it was not reasonable for Claimant to be exceeding the speed limit while

driving on a road with stop lights while Claimant's ability to see was hampered by the sun. *Id.* The Board concluded the Claimant's inattentiveness and willful disregard of motor vehicle regulations rose to the level of willful misconduct. *Id.* We thus conclude the record contains substantial evidence to support the Board's findings of fact.[3]

For these reasons, the order of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

---

[3] We make no judgment as to whether these conclusions are relevant or determinative in any other administrative or legal proceeding.

Perry Craig Harrison, :
          Petitioner :
:
       v. :
:
Unemployment Compensation :
Board of Review, : No. 1937 C.D. 2016
          Respondent :

O R D E R

AND NOW, this 19th day of October, 2017, the October 21, 2016 order of the Unemployment Compensation Board of Review is affirmed.

_____
JOSEPH M. COSGROVE, Judge